# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Magistrate Judge Kathleen M. Tafoya

| | |
|---|---|
| **Civil Action No.**   07-cv-00985-KHV-KMT | FTR - Courtroom C-201 |
| **Date:**   December 29, 2009 | Ellen E. Miller, Deputy Clerk |
| MARTHA A. CESERY TAYLOR, et al. | Scott Gessler |
| Plaintiffs. | |
| v. | |
| DAVID E.K. PANICO, et al. | William Stanton |
| Defendants. | |

## COURTROOM MINUTES / MINUTE ORDER

**MOTION HEARING**

**Court in Session: 9:02 a.m.**

Court calls case.  Appearance of Counsel. The Plaintiff is not present.

Discussion by the Court and Mr. Gessler regarding Plaintiff's non appearance.  Counsel represents that Martha Taylor was in town but became ill yesterday and flew home to Florida last night.

**ORDERED:**   The Plaintiff shall submit medical documents, including any and all medical office or hospital records wherein she was treated at any time between December 27 through December 30, 2009, on or before January 01, 2010, to excuse her absence at this hearing in light of the direct order of court that she appear.

Defendant's [230]  MOTION to Compel Production of Documents Regarding Repairs/Improvements to Residence at issue.
Statements by Counsel that certain documents (submitted as Court Exhibit One) have been produced.  Exhibit One is received.  There has been no supplementation of the interrogatories.

**ORDERED:**   Defendant's [230]  MOTION to Compel Production of Documents Regarding Repairs/Improvements to Residence is **GRANTED.** The Court will award costs, including attorney fees, in association with the motion to compel against plaintiffs in an amount to be determined. A statement of Fees and Costs and any objection to the claimed amount shall be filed on or before January 01, 2010.

Request by Mr. Stanton that any expert testimony or opinions of Mr. Gilman be stricken for use at the trial set for January 04, 2010.

**ORDERED:**    Defendant's request that the expert testimony of Gary Gilman be stricken as irrelevant in light of the remediation which was completed on the property as evidenced by the documents produced in Court Exhibit One is **GRANTED.** Documents purporting to show extensive remediation of the property were completed on no later than October 2, 2009 but not produced until yesterday, less than one week prior to trial.  Pursuant to Rule 37(c)(1)(C) and (b)(2)(A)(ii), the testimony of Gary Gilman will not be permitted at the trial now scheduled for January 4, 2010.

Oral Motion to add witness Scott Niblack as a witness to the Final Pretrial Order by Mr. Gessler. No objection by Defendants.

**ORDERED:**    Plaintiff's Oral Motion to supplement the final pretrial order to add the testimony of Scott Niblack and to supplement the exhibit list with the documents located at Taylor01981 through thru 01987 and other relevant documents pursuant to the parties' agreement with respect to the potential testimony of Scott Niblack is **GRANTED**.  This Order is contingent upon Defendants' ability to interview Mr. Niblack this week.  The interview will be facilitated by counsel for Plaintiffs.

**ORDERED:**    Counsel shall file briefing relating to whether the testimony of damages expert Steve Waldeck should also be stricken based upon the information contained in Court Exhibit One and the prejudicial late disclosures by the Plaintiffs will be filed on or before 8:00 a.m. December 30, 2009.  The Court will address this matter at a hearing on **10:00 a.m., December 30, 2009** in this courtroom.

**Court in recess: 9:39 a.m.**
Total In-Court Time 0:32; hearing concluded

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.