# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **MARTHA A. CESERY TAYLOR, an individual residing in Florida, and WALTER Q. TAYLOR, an individual residing in Florida,**<br><br>Plaintiffs,<br><br>v.<br><br>**DAVID E.K. PANICO, an individual residing in Colorado, JANICE PANICO a/k/a JAN PANICO, an individual residing in Colorado,**<br><br>Defendants. | CIVIL ACTION<br><br>No. 07-0985-KHV |

## MEMORANDUM AND ORDER

Plaintiffs, Martha A. Cesery Taylor and Walter Q. Taylor brought suit against David E.K. Panico and Janice Panico asserting intentional misrepresentation, fraudulent concealment and non-disclosure and negligent misrepresentation. The claims were born out of a real estate transaction between the parties that involved a property located at 1533 Juniper Hill Drive, Aspen, Colorado. On December 29, 2009, six days before the trial was scheduled to begin, defendants requested dismissal of plaintiffs' claims with prejudice as an appropriate sanction for plaintiffs' alleged discovery violations. See Defendants' Reply In Support Of Supplemental To Fed. R. Civ. P. 37(a) Motion To Compel Production Of Documents Regarding Repairs/Improvements To Residence [Doc. 230] (Doc. #239). On December 31, 2009, plaintiffs responded and filed a Request For Evidentiary Hearing And Second Motion To Reconsider (Doc. #245). On January 4, 2010, the Court issued its order referring the pending motions to Magistrate Judge Kathleen M. Tafoya. On January 8, 2010, after reviewing the parties' motions, Judge Tafoya issued her report and recommendation. See Order And Recommendation Of United States Magistrate Judge (Doc. #252). On January 22, 2010,

plaintiffs filed their Objection To Recommendation Of Dismissal (Doc. #254) and Second Unopposed Motion To Withdraw As Counsel For Plaintiffs (Doc. #255). On January 27, 2010 defendants filed their Response To Plaintiffs' Objection To Order And Recommendation Of United State [Sic] Magistrate Judge (Doc. #256). That same day, plaintiff Martha A. Cesery Taylor faxed to the Court three affidavits, see Docs. #257, #258 and #259, to "clear up some of the misinferences [sic] with the last Order and Recommendation." On February 2, 2010, defendants filed their Motion To Strike Plaintiffs' Facsimile To The Court Dated January 27, 2010 [Doc. #257], Affidavit Of Scott Niblack [Doc. #257], Affidavit Of David Brian Lane [Doc. #258] And Second Affidavit Of David Brian Lane [Doc. #259] (Doc. #260). On February 5, 2010, plaintiff, Martha A. Cesery Taylor sent another fifteen page fax to Judges Vratil and Tafoya requesting a hearing and addressing various issues related to Judge Tafoya's report and recommendation. See Doc. #263.

In the report and recommendation, Judge Tafoya recommended denied plaintiffs' Request For Evidentiary Hearing And Second Motion To Reconsider (Doc. #245) and recommended that the Court grant defendants' request for discovery sanction of dismissal with prejudice contained in Defendants' Reply In Support Of Supplemental To Fed. R. Civ. P. 37(a) Motion To Compel Production Of Documents Regarding Repairs/Improvements To Residence [Doc. 230] (Doc. #239).

**Analysis**

Under 28 U.S.C. § 636(b)(1), the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In the Court's de novo review, it must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." See Griego v. Padilla, 64 F.3d 580, 584 (10th Cir. 1995). If a party objects to a magistrate's recommendation, the Federal Rules of Civil Procedure

provide that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Rule 72(b), Fed. R. Civ. P. Moreover, under 28 U.S.C. § 636(b), "[t]he judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." In accordance with these provisions, the district court may receive additional evidence after the magistrate judge makes a recommendation. Hunnicutt v. Hawk, 229 F.3d 997, 1001-02 (10th Cir. 2000).

Because Judge Tafoya proposes the extreme sanction of dismissal the Court believes that before it decides whether to adopt or reject the recommendation, it would be appropriate for plaintiffs to have one final opportunity to present any additional evidence which they wish the Court to consider.[1] The Court hereby sets an evidentiary hearing for **February 16th, 2010 at 1 p.m. in Courtroom A 601** before Judge Kathryn H. Vratil. The hearing set for February 16th, 2010 was inadvertently docketed as a Trial Preparation Conference. See Minute Order (Doc. #262) The hearing is in fact an evidentiary hearing at which the Court will consider plaintiffs' Objection To Recommendation Of Dismissal (Doc. #254) and Second Unopposed Motion To Withdraw As Counsel For Plaintiffs (Doc. #255) both filed January 22, 2010.

Dated this 10th day of February, 2010 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

[1] On February 5, 2010, the Court received a 15 page letter from plaintiff Martha A. Cesery Taylor. The Court strikes this filing and will not consider it because plaintiff is represented by counsel and is not entitled to make pro se filings. See Lee v. Imperial Lending, LLC, No. 06-CV-2388, 2007 WL 4105334, at *1, n. 2 (D. Colo. Nov. 16, 2007).