IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-00985-KHV-KMT

MARTHA A. CESERY TAYLOR,
an individual residing in Florida, and
WALTER Q. TAYLOR,
an individual residing in Florida,

    Plaintiffs,

v.

DAVID E. K. PANICO,
an individual residing in Colorado,
JANICE L. PANICO
a/k/a/ JAN PANICO,
an individual residing in Colorado,

    Defendants.

**ORDER**

This matter is before the court on the "Motion to Renew Hackstaff Gessler LLC's Motion to Withdraw as Plaintiffs' Counsel and Request for Briefing Schedule" [Doc. No. 271, filed September 3, 2010] ("Motion"). Plaintiffs Martha A. Cesery Taylor and Walter Q. Taylor filed "Plaintiffs Pro Se Motion in Opposition to Counsels (sic) Motion to Withdraw as counsel for Plaintiffs" which the court will consider as Plaintiffs' response on August 20, 2010 [Doc. No. 270] ("Response").

*Background*

On January 22, 2010, Plaintiffs' counsel, the law firm of Hackstaff Gessler LLC, submitted its Second Unopposed Motion to Withdraw as Counsel for Plaintiffs ("Withdrawal Motion"). [Doc. No. 255.] The Court scheduled a hearing for February 16, 2010, to consider that motion, among other matters. [Doc. No. 265.] In spite of the fact that on February 15, 2010 Plaintiffs filed a bankruptcy petition in the Bankruptcy Court for the Middle District of Florida, the plaintiffs personally, along with counsel for both parties, appeared before Chief District Court Judge Vratil as ordered on February 16, 2010. [Doc. No. 267.] At that hearing, Judge Vratil stayed all matters pending in the case, including the Withdrawal Motion. *Id.*

According to Hackstaff Gessler, it requested relief from stay in the bankruptcy court for the limited purpose of allowing this court to consider the Withdrawal Motion prior to completion of the bankruptcy proceedings. (Mot., ¶ 3.) Hackstaff Gessler is a creditor in the Taylors' bankruptcy proceeding. (*Id.*, ¶ 7.) The bankruptcy court orally granted Hackstaff Gessler's petition for relief from the stay for the limited purpose of pursuing its withdrawal from representation of the plaintiffs on August 19, 2010, and issued a written order on August 30, 2010.[1] (*Id.* ¶ 3.)

---

[1] This sequence of events explains why Plaintiffs' *pro se* response to the Withdrawal Motion was filed on August 20, 2010, significantly prior to Hackstaff Gessler's request to renew the motion pursuant to the lifting of the stay. Plaintiffs did not wait for the written order from the bankruptcy court, while Hackstaff Gessler awaited the order and attached the same to the Motion. (Mot., Attach. 1, Doc. 271-1.)

*Analysis*

Hackstaff Gessler states that differences between its lawyers and the plaintiffs have become irreconcilable. (Withdrawal Mot., ¶ 1.) In plaintiffs' copious Response, they enumerate multiple instances where they claim Mr. Gessler's performance was not up to their expectations and that they had never met or conferred with co-counsel, Rebecca Messall. The letter to Judge Vratil and Magistrate Judge Tafoya from the plaintiffs attached to the Response (Resp. at 8) contains a litany of problems and disagreements between the Taylors and Hackstaff Gessler attorneys. The letter is rife with allegations that Mr. Gessler mishandled aspects of the case as well as allegations of his failure to communicate with or prepare the plaintiffs for the then imminent trial.

What is patently absent from the Taylors' response is any reason why forcing Hackstaff Gessler to remain as counsel to the plaintiffs would be an attractive outcome for the Taylors. Given that the most positive thing the Taylors say about Mr. Gessler is "[w]e feel Mr. Gessler is probably a good attorney; he just has not had the time to communicate with us or to try this case" (Resp. at 17), it is perplexing why the Taylors oppose Hackstaff Gessler's motion to withdraw from representation. It is abundantly clear that the Taylors are dissatisfied with the representation that Mr. Gessler and Ms. Messall have provided to them and that they blame the lawyers for their current situation.

Alternatively, Hackstaff Gessler has provided cogent, non-disparaging reasons why its withdrawal should be allowed at this juncture. First, Hackstaff Gessler argues that since the case is stayed in its entirety as a result of the bankruptcy filing, there is no imminent proceeding

which would be jeopardized by their withdrawal, and the Taylors have ample time and opportunity to explore representation by another law firm should the case go forward. As Hackstaff Gessler points out, the Taylors, as individuals, are no longer plaintiffs in the case since the lawsuit is now the property and responsibility of the bankruptcy estate. (Mot., ¶ 8.) Further, Hackstaff Gessler notes that at the last hearing before the stay on February 16, 2010, the Taylors indicated a desire to dismiss the case. (*Id.*, ¶ 6.) Although dismissal does not appear to be Plaintiffs' current stance, once the bankruptcy proceedings are concluded it may well be that the case will not proceed further. Finally, Hackstaff Gessler is a party to the bankruptcy proceeding for the purpose of collecting unsecured debts owned by the Taylors to the law firm. (*Id.*, ¶ 7.) Obviously, this creates a conflict of interest between the Taylors and the law firm which, while not dispositive to a motion to withdraw by itself, must be considered by the court. *See Palgut v. Colorado Springs*, Civ. Action No. 06-cv-1142-WMD-MJW, 2009 WL 539723, at *5 (D. Colo. 2009).

To warrant the grant of a motion to withdraw as counsel in the face of opposition by the client, withdrawing counsel "must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which [may lead] to an apparently unjust verdict." *Collie v. Estep*, Civ. Action 06-cv-00795-PSF-BNB, 2007 WL 2472053, *8 (D. Colo. Aug. 28, 2007) (quoting *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir.1987)). *See also United States v. Johnson*, 961 F.2d 1488, 1490 (10th Cir.1992) (motion to withdraw on basis that defendant believed his attorney was intimidated by the court and could not continue to act zealously in his defense denied because defendant did not show a conflict of interest, a

4

breakdown in communication, or an irreconcilable conflict).  In a criminal matter where a complete breakdown in communication was alleged to have rendered defense counsel's representation ineffective under the Sixth Amendment, the Tenth Circuit advised the reviewing court is to consider four factors: (1) whether there was a timely motion requesting new counsel; (2) whether the trial court adequately inquired into the matter; (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense; and (4) whether the defendant substantially and unjustifiably contributed to the breakdown in communication.  *Romero v. Furlong*, 215 F.3d 1107, 1113 (10th Cir.2000) (citations omitted).

Although Sixth Amendment considerations are not applicable in this civil proceeding, *Romero* is nevertheless instructive to the court's review.  On October 2, 2009, the court first was alerted to the problems arising between the Taylors and their counsel.  (See Motion to Withdraw, Doc. No. 225, claiming irreconcilable differences.)  That motion was denied.  However, by the December 17, 2009 filing of Defendants' Motion to Compel, it was clear that discord about legal issues in the case remained between the Taylors and their counsel.  [Doc. No. 230.]  After that time, both the Magistrate Judge and the District Judge repeatedly heard argument or entertained pleadings concerning the communications and disagreements between the Taylors and Hackstaff

Gessler. *See* docket entry nos. 237, 239 - Ex. J[2], 241, 242, 250, 252. 255, 259[3], 263[4] and 267. Therefore, I find that the court has adequately and exhaustively inquired into the matters involving potential withdrawal of Hackstaff Gessler and further briefing or hearings on the issue would not be beneficial.

This court finds that although the Withdrawal Motion filed by Hackstaff Gessler in January 2010 was not timely when filed very shortly before the trial was scheduled, the current motion is cured of that infirmity by the stay. There are no looming deadlines which would interfere with Plaintiffs' ability to seek and obtain new counsel if they choose to go forward with the lawsuit. As evidenced by the documents filed by plaintiffs, the relationship between Hackstaff Gessler and the Taylors has completely broken down to the point where effective representation by Hackstaff Gessler is rendered a virtual impossibility.

Wherefore, it is **ORDERED**:

The "Motion to Renew Hackstaff Gessler LLC's Motion to Withdraw as Plaintiffs' Counsel and Request for Briefing Schedule" [Doc. No. 271] is **GRANTED** in part as follows:

---

[2] Directive of the Taylors' agent, David Lane, to property manager to withhold information from Rebecca Messall of Hackstaff Gessler during her planned site visit.

[3] Affidavit of David, agent of Plaintiffs, expressing his opinion that Hackstaff Gessler was not adequately performing, not communicating and not meeting with the Taylors.

[4] Letter to the court from the plaintiffs directly complaining about Hackstaff Gessler's representation and performance in the case. (This is the same letter previously referenced as attached to the Response.)

Hackstaff Gessler's Second Unopposed Motion to Withdraw as Counsel for Plaintiffs [Doc. No. 271] is **RENEWED** and **GRANTED**. Hackstaff Gessler LLC hereby is terminated from further representation of the plaintiffs. The request for briefing schedule is **DENIED**.

Dated this 23d day of September, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge